Ad. Auriema, Inc. v. Commissioner.
Ad. Auriema, Inc. v. Commissioner
Docket No. 111703.
United States Tax Court
1943 Tax Ct. Memo LEXIS 116; 2 T.C.M. (CCH) 778; T.C.M. (RIA) 43422; September 17, 1943
*116 John F. Mahoney, C.P.A., 11 Park Place, New York, N. Y., for the petitioner. Clay C. Holmes, Esq., for the respondent. STERNHAGEN Memorandum Findings of Fact and Opinion The Commissioner determined a deficiency of $1,594.44 in income tax for the fiscal year ended March 31, 1940, limiting to $2,000 a deduction for a loss of $13,152.15, which he determined to be a capital loss. Findings of Fact Petitioner, a New York corporation, filed its return for the fiscal year ending March 31, 1940, in the Second District of New York. It is an exporter of radio and electrical apparatus, and distributed American goods in Latin America. Francisco Corte represented it on a commission basis in Argentina. To provide for small customers unable to order goods in sufficient quantity to justify a lower price, Corte began importing the merchandise for his own account in large quantities which he distributed to the small customers. When his orders went beyond his credit standing in 1936, the petitioner, on December 7, 1936, made a partnership (sociedad) arrangement with him in which he "appeared" only as manager and not as a partner (socio). The capital was to be 88,000 pesos, approximately 55,000 pesos *117 furnished in merchandise by petitioner and 33,000 pesos by Corte. Ad. Auriema, president of petitioner, and Hermann Danz, its treasurer, appeared as sole proprietors, and as individually having contributed the 88,000 pesos capital fund. In fact, they contributed nothing. Corte was to receive annually 50 per cent of the net profit and be accountable for 50 per cent of any loss, and was also to have 33,648.12 pesos on dissolution of the firm, out of any of its capital remaining at such time. Petitioner and Corte operated according to the terms of this informal arrangement until the firm was liquidated in 1940. On September 8, 1937, in formal compliance with the provisions of Argentine Law No. 11645, the firm was formally designated as "Ad. Auriema Argentina, Sociedad de Responsabilidad Limitada". The "Sociedad" agreement named the individuals who were petitioner's president, Ad. Auriema, and its treasurer, Hermann Danz, as organizers. The firm was to be of indefinite duration "subject to dissolution and liquidation at the request of any of the partners." Its capital was stated as 88,000 pesos of which 82.275.03 were in merchandise, and was divided into 88 parts, of which Adolfo Auriema *118 and Hermann Danz were stated to have each subscribed and paid for 44 parts. The administration, direction and management of the firm were in Corte for the entire duration of the firm. Profits as well as losses were to be distributed in proportion to the capital of each partner. In case of dissolution because of the resignation of Corte or withdrawal of any of the partners, the balance of the assets after liquidation were to be distributed in proportion to each partner's capital. The liability of the partners was limited to the "value of the subscribed capital". "The capital may be transferred by the partners to third persons with the consent of the other partner, or the unanimous consent, if new partners had been already admitted". The agreement also provided, "For everything pertaining to the contract, both partners constitute special domicile in this capital" (Buenos Aires). In 1939, adverse conditions required liquidation of the firm; and this was completed in 1940. The firm did not take advantage of the limited liability provisions of the law but paid all creditors, other than petitioner, in full Petitioner's loss was $13,152.15. Corte being unable to pay his 50 per cent share *119 of the loss, continued as petitioner's commission agent at 7 per cent commission, of which it was agreed 3 1/2 per cent would be withheld and applied against his unpaid share of the loss. Petitioner received therefrom about $1,800 in 1941 and about $1,200 in 1942. In February, 1938, the law firm which assisted in the formal organization of the Argentina agency filed an Information Return Form 959 on behalf of petitioner, wherein it was stated that the Argentina firm was "Organized as a limited partnership, or a corporation without shares", - that its purpose was "To establish a more responsible organization to which greater amount of credit (for merchandise) might be granted." On the form, the list of shareholders named Ad. Auriema and H. Danz, and also listed Corte as a "(Silent Partner)" in the amount of 33,648.12 pesos. Opinion STERNHAGEN, Judge: The taxpayer, a New York corporation, having in 1939 sustained a loss of $13,152.15, as admitted by the Commissioner, took a deduction in 1939 of the full amount. In the deficiency notice it is said that the deduction was claimed as a loss in the liquidation of Ad. Auriema, Argentina, S.R.L. The Commission limited the deduction to $2,000, *120 citing the capital loss section of the statute. The taxpayer, assailing this determination, undertakes to prove that its loss was not the loss of a capital asset as that term is defined in Section 117, and that the $2,000 limitation does not apply. Much of the taxpayer's argument is an effort to show that S.R.L. is not a corporation but a partnership and that therefor the deduction was not limited. This presents an artificial issue; for even though S.R.L. was not a corporation, the question is still whether the taxpayer's loss was the loss of a capital asset. The Commissioner has determined in effect that the loss of $13,152.15 represented the loss of a capital asset, and the taxpayer has the burden of proving that this determination is incorrect. Even though it successfully establishes that its interest in S.R.L. was not actually, or similar to, shares in a corporation, but was the equivalent of a partnership interest, there is still support for the respondent's determination. An interest in a partnership may be a capital asset. ; . By Section *121 117, a capital asset is broadly defined as "property held", exclusive of three described categories. Unless the loss in question can be brought within the statutory description of any of the excluded categories of property, it must be treated as a capital loss of "property held" and the Commissioner's determination must be upheld. The evidence, we think, does not demonstrate that the loss was within any of the excluded categories of "property held" The taxpayer in an earlier year sent to South America goods which Corte was to sell. Apparently while petitioner carried a remaining credit of $13,152.15, and after a contractual arrangement had been made and carried on for a while with Corte, S.R.L. was organized. The taxpayer acquired a share of proportionate interest in S.R.L. not by the contribution of new money but by reason of its existing interest in the business from which S.R.L. was created. If it can be said to have had any investment whatever in S.R.L. it was the $13,152.15. Apparently the $13,152.15 originally invested in exported goods was transmitted into petitioner's interest in S.R.L., and this was the nature of its loss when S.R.L. was liquidated in 1939. From the evidence *122 it could not be found as a fact that the loss consisted of anything else, and we are unable to conclude that the loss has been affirmatively shown to have a character other than a capital loss, as the Commissioner has determined. Such evidence as there is rather confirms than weakens the Commissioner's determination and we think, therefore, it must be sustained. In the petition, taxpayer alleges in the alternative that if the determination correctly treated the loss as a capital loss in the fiscal year 1940, circumstances of 1941 or 1942 indicate a refund in those years. This is outside the scope of this proceeding, which is based upon a deficiency notice for the fiscal year 1940, and does not permit consideration of the impact of the liquidation loss upon the income of 1941 or 1942. This the petitioner apparently realizes for no reference is made to the subject in its brief. Decision will be entered for the respondent.